AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

__Eastern__ District of __Michigan__

UNITED STATES OF AMERICA

v.

__Mario Deaiuo Watkins__
*Defendant*

ORDER OF DETENTION PENDING TRIAL

Case Number: 11-20558-1

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☐ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☑ a preponderance of the evidence that

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

4/4/12
*Date*

*Signature of Judge*

U.S. Magistrate Judge Mona K. Majzoub
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

This is a presumption case. Defendant is charged by way of indictment with Conspiracy to Distribute Heroin, Possession with Intent to Distribute Heroin (2 counts), and Possession with Intent to Distribute Cocaine Base. He is listed as Defendant #1 in the indictment and he has been described as the #1 man in his drug trafficking organization by his co-defendants and others.

Defendant is a 31 year old single father of two who is unemployed and who has lived in Detroit for his entire life. He reports no assets and admits that he is in arrears for failing to make his child support payments to the mother of his two minor children. He has contact with his four siblings and his father. His sister confirmed his information to Pretrial Services.

Defendant admits to daily use of marijuana since age 17. He admits to regular use of alcohol. No drug test was conducted.

The government offered the testimony of the case agent in charge, Agent Scott Nedoff at the detention hearing and the Pretrial Services Report which recommends detention. The government also proffered the Pretrial Services Report. The salient parts of Agent Nedoff's testimony are summarized below.

Agent Nedoff of the DEA testified that on May 17, 2011 four men were arrested by Grand Blank Township P.D. in a white Oldsmobile at I-75 and Holly Road in Genesee County. Heroin and marijuana were found in the vehicle occupied by Defendant and his co-defendants Blount and Garland. The fourth man was the driver, Michael Kazmarski (sp?). The heroin and marijuana were seized and evaluated. Defendants were taken to Grand Blank P.D. and were separated in two rooms, with hidden video cameras in the rooms. Blount and Garland were together in one room. At one point Blount expelled something from his anus and had Garland retrieve from his rear end a small package covered with fecal matter. Inside the package were 38 grams of heroin.

Defendant was taken to the Genesee County jail in Flint, having been separated earlier from Blount and Garland. He believed he had been placed in a room where no one could see him. A hidden video camera recorded him reaching into his rear end with his handcuffs on and retrieving something which he threw on the floor to his left. It turned out to be a package of 24 grams of heroin covered in fecal matter.

Karzmarski and Blount gave statements to police that they drove the defendants to Detroit three times a week to pick up heroin. The defendants were all released from Genesee County on the date of their arrest, May 17, 2011.

Less than a month later, on June 14, 2011 Defendant was arrested by ATF and Flint Narcotics P.D. with 8 grams of heroin on his person.

The grand jury indicted Defendant on September 7, 2011 in the instant matter. Defendant has been at large ever since. Family members and friends were contacted by the authorities and told to let Defendant know that there was a warrant for his arrest and that he should turn himself in.

Defendant was living from place to place and friends and family confirmed that he had no stable residence. Ultimately on April 3, 2012, Defendant was arrested in Detroit based on a tip given to law enforcement. At the time of his arrest Defendant admitted that he knew about the warrant, and that he had been staying from place to place since September 2011.

Defendant has four prior felony convictions for drug trafficking. He continued to engage in illegal drug trafficking from the time of his May 17, 2011 arrest and release until his most recent arrest on April 3, 2012. His criminal record describes four violations of supervised release, with warrants issued in all four violations, and guilty pleas following each violation. This is a lot of activity for a 31 year old man.

Defendant has failed to rebut the presumption of detention. He is unemployed with a very scant employment history, he has a daily substance abuse habit to which he admits, he has four convictions for drug trafficking and four subsequent violations of supervised release. He eluded authorities knowing that there was an active warrant out for his arrest in the instant case, and he continued to engage in illegal drug activity subsequent to his May 17, 2011 arrest. He has been identified by his peers as the #1 man in his drug trafficking organization.

This Court adopts the recommendation of Pretrial Services and finds that by a preponderance of the evidence Defendant poses a risk of flight, and that by clear and convincing evidence Defendant poses a danger to the community. There is no condition or combination of conditions which will assure Defendant's appearance at trial or the safety of the community. Therefore Detention is Ordered.